**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD BROWN (N92971), | ) | |
| | ) | |
| Petitioner, | ) | No. 25 CV 08304 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| CHANCE JONES,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Edward Brown, a prisoner incarcerated at the Illinois River Correctional Center, brings this *pro se* habeas corpus action under 28 U.S.C. § 2254 challenging his 1989 criminal conviction in the Eighteenth Judicial Circuit Court, DuPage County, Illinois, for first degree murder.[2] The Respondent moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d). The Court grants the motion, dismisses the petition, and declines to issue a certificate of appealability.

**BACKGROUND**

---

[1] During the pendency of this action, petitioner was transferred to Illinois River Correctional Center, where he is in the custody of Chance Jones, warden of that facility. Accordingly, Jones is substituted as respondent. See Fed. R. Civ. P. 25.

[2] Mr. Brown was also convicted of conspiracy to commit murder. That conviction was vacated on Brown's appeal of the circuit court's denial of his third postconviction petition because under state law it was improper to enter convictions on both conspiracy and the principal offense that was the object of the conspiracy. R. 9, Ex. C. Dismissal of the conspiracy conviction has no bearing on the pending petition.

Mr. Brown filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 21, 2025. R. 1.[3] The petition alleges that: (1) the trial court lacked subject matter jurisdiction because the indictment omitted an essential element; (2) trial counsel rendered ineffective assistance in connection with the petitioner's guilty plea; and (3) the petitioner's continued imprisonment violates the Constitution because he has served the maximum sentence permitted absent the omitted element. *Id.* at 6-7. Respondent moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d). R. 8 at 1.

The petitioner pleaded guilty in 1989 and did not pursue a direct appeal. *Id.* at 2. He thereafter pursued multiple rounds of state postconviction and collateral relief over the ensuing decades. *Id.* The petitioner also previously filed a federal habeas corpus petition in this district, which was dismissed for failure to pay the filing fee. *Brown v. Hulick*, 1:07-cv-3277 (N.D. Ill.). A dismissal for nonpayment does not count as a "first" petition for purposes of the bar on unauthorized second or successive petitions under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 327 F.3d 764, 766 (7th Cir. 2003) (per curiam) (citing *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996)).

## DISCUSSION

The petitioner's case is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The one-year period starts on the latest date of four possible dates: (A) completion of direct appeal (or expiration of time to bring the direct appeal); (B) removal of an unconstitutional state-created impediment that had previously prevented the filing of the petition; (C) recognition of a new constitutional right that has been made retroactive on collateral review by the Supreme

---

[3] Citations to the docket are indicated by "R." followed by the docket number, and, where necessary, a page or paragraph citation.

2

Court of the United States; or (D) the date on which the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled while a "properly filed" application for state postconviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

The relevant section for the petitioner's statute of limitations calculation is § 2244(d)(1)(A). As that provision mandates, the date that starts the one-year limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In other words, the date that starts the one-year limitations period occurs when either: (1) the prisoner completes the appeal process through to the Supreme Court of the United States; or, as here, (2) the time for the next step in the appeal process expires without any further action by the petitioner. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Because the petitioner did not pursue direct review, his conviction became final in 1989, when the time for seeking such review expired. § 2244(d)(1)(A); *Gonzalez*, 565 U.S. at 150. At that time, no statute of limitations governed federal habeas petitions. *Wood v. Milyard*, 566 U.S. 463, 476 (2012). In 1996, however, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposed a one-year limitations period for petitions under 28 U.S.C. § 2254. *Id.* Because the petitioner's conviction became final before AEDPA's effective date, he was entitled to a one-year grace period beginning on April 24, 1996. *See Freeman v. Page*, 208 F.3d 572, 573-74 (7th Cir. 2000). Absent tolling, he therefore had until April 24, 1997 to file a timely federal habeas petition. *Id.*

Nothing in the record indicates that the petitioner had a properly filed application for state postconviction or other collateral review pending during that one-year period. The petitioner's initial postconviction proceedings concluded before AEDPA's effective date, and he did not

3

initiate further collateral proceedings until 2002—more than five years after the federal limitations period had already expired. R.1 at 4; R. 9, Ex. 2 at 2. Because the one-year limitations period lapsed in April 1997, the petitioner's later state court filings do not toll or revive the expired limitations period. *See De Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). The petitioner did not file the present habeas petition under July 2025, nearly three decades after the limitations period expired. R. 1. The petition is therefore untimely unless the petitioner can establish that a different trigger provision under §2241(d)(1) applies or that equitable tolling is warranted.

Nothing in the record supports an application of an alternative start date under § 2244(d)(1)(B)-(D). The petitioner does not identify a state-created impediment that prevented timely filing, nor does he rely on a newly recognized constitutional right made retroactively applicable on collateral review. To the extent the petitioner's claims could be construed as invoking *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that decision does not apply retroactively to cases on collateral review and therefore does not provide a later start date under § 2244 (d)(1)(C). *See Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002). Nor does the petitioner identify any newly discovered factual predicate that could not have been discovered earlier through due diligence. R.1.

The petitioner is also not entitled to equitable tolling of the limitations period. Equitable tolling applies only if a petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo,* 544 U.S. 408, 418 (2005). Here, the petitioner allowed years—indeed decades—to pass between the expiration of the limitations period and the filing of his federal petition. Such prolonged inaction precludes a finding of diligence and forecloses equitable tolling. *Id.* (prisoner who "sits on his rights for years" is

4

ineligible for equitable tolling "under long-established principles that the petitioner's lack of diligence precludes equity's operation.") (cleaned up).

For these reasons, the Respondent's motion to dismiss the petition for a writ of habeas corpus as untimely is granted. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability ("COA") may only issue if the petitioner makes "a substantial showing of the denial of a constitutional right." When dismissal rests on procedural grounds, the petitioner must show that reasonable jurists could debate both the correctness of the procedural ruling and the validity of the underlying constitutional claim. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No certificate of appealability will issue; the petitioner cannot make a substantial showing of the denial of a constitutional right, and, in this Court's view, reasonable jurists would not debate, much less disagree, with the present resolution of the petitioner's claims. *Id.*

The petitioner is advised that this is a final decision ending his case in this Court. If the petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). The petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. If the petitioner wishes the Court to reconsider its judgment, however, he may file a motion under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). This deadline cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no

5

more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). This deadline also cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

For the reasons stated above, the Respondent's motion to dismiss the habeas corpus petition as untimely under 28 U.S.C. § 2244(d) is granted. No certificate of appealability will issue. The Clerk is directed to: (1) update the docket to reflect that the petitioner's present address is at the Illinois River Correctional Center; (2) terminate Respondent Barwick from the docket; (3) add the petitioner's present custodian, Chance Jones, Warden, Illinois River Correctional Center as Respondent; (4) update the case caption to *Brown v. Jones*, and (5) enter judgment in favor of Respondent and against Petitioner and terminate the case.

Date: March 31, 2026

John J. Tharp, Jr.
United States District Judge

6